UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Rickie T. Nichols (M09061), ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 22 C 3364 |
| v. ) | |
| ) | Hon. Jorge L. Alonso |
| ) | |
| Darren Galloway, Warden, ) | |
| Shawnee Correctional Center, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Rickie T. Nichols ("Petitioner"), a prisoner at the Shawnee Correctional Center,[1] brings this *pro se* habeas corpus action under 28 U.S.C. § 2254 ("Section 2254") to challenge his 2009 sentencing in the Circuit Court of Lake County as fundamentally unfair and in violation of the proportionate penalties clause of the Illinois Constitution. Respondent contends this Court cannot reach the merits of the petition because Petitioner's claims are untimely. For the reasons stated below, this Court agrees and dismisses Petitioner's Section 2254 petition with prejudice and declines to issue a certificate of appealability. Petitioner's motion for appointment of counsel is denied, and Petitioner's motion to grant is denied as moot.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Darren Galloway, the Warden of Shawnee Correctional Center, where petitioner is incarcerated, has been automatically substituted as respondent. Fed. R. Civ. P. 25(d); *see also Bridges v. Chambers*, 425 F.3d 1048, 1049 (7th Cir. 2005); Rule 2(a) of the Rules Governing Habeas Corpus Petitions.

**BACKGROUND**

The following facts are drawn from the cited state appellate and supreme court orders, opinions, and decisions. The state court's factual findings are presumed correct unless Petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Hartsfield v. Dorethy*, 949 F.3d 307, 309 n.1 (7th Cir. 2020); *Perez-Gonzalez v. Lashbrook*, 904 F.3d 557, 562 (7th Cir. 2018). The Court repeats only the facts necessary to provide background for the instant petition.

**I.     Petitioner's Trial**

Following a jury trial, Petitioner was found guilty of two counts of aggravated criminal sexual assault, and the trial court sentenced him to 32 years in prison. *People v. Nichols*, 2018 IL App (2d) 150779, ¶ 5. The evidence at trial established that Petitioner, then 16 years old, was visiting his friend, Stephen Knighten, on the evening of September 9, 2008. *People v. Nichols*, 184 N.E.3d 432, 435 (Ill. App. Ct. 2021), *appeal denied*, 175 N.E.3d 111 (Ill. 2021). Knighten and Petitioner, who was holding an air pistol and wearing a ski mask, walked around their neighborhood, looking for someone to rob. *Id*; *People v. Nichols*, 964 N.E.2d 1190, 1198 (Ill. App. Ct. 2012). When Petitioner and Knighten encountered K.H., Petitioner pointed the pistol at her and, with Knighten, forced K.H. to accompany them behind some bushes. *Id*. Petitioner forced K.H. to fellate him while holding the gun to her head. *Nichols*, 964 N.E.2d at 1198. After about two minutes, Petitioner ejaculated onto K.H.'s face and jacket then ran off. *Id*. Knighten then forced K.H. to fellate him for "a couple of seconds" before running off. *Id*. Petitioner went to Knighten's home, where he put his air pistol, jacket, ski mask, and glove in the backyard shed. *Id*.

A police officer, having received a report of a sexual assault in the area by two male subjects, drove in the alley behind Knighten's home. *Id*. at 1195. He noticed that one backyard

shed appeared to be open or have no doors, so he notified dispatch and, with another officer, entered the shed. *Id*. The officers recovered two jackets, ski masks and an air pistol. *Id*. After about five minutes, two men matching the description given by the dispatcher emerged from the house, later identified as Petitioner and Knighten. *Id*. Petitioner and Knighten fled back into the house. *Id*. After officers were granted permission by Knighten's mother to search the premises, Petitioner and Knighten were found inside and arrested. *Id*. at 1196.

Petitioner was charged with, among other things, two counts of aggravated criminal sexual assault. *Nichols*, 184 N.E.3d at 435 (citing 720 ILCS 5/12-14(a)(1) (West 2008).) One of those counts charged Petitioner for Knighten's actions under an accountability theory. *Id*. (citing 720 ILCS 5/5-2 (West 2008)). Given the nature of the offenses, the automatic transfer statute required that Petitioner be tried as an adult. *Id*. (citing 705 ILCS 405/5-130 (West 2008)).

Following a jury trial, Petitioner was found guilty of both counts of aggravated criminal sexual assault. *Id*. Each offence was a Class X felony with a sentencing range of 6 to 30 years in prison. *Nichols*, 2018 IL App (2d) 150779, ¶ 5 (citing 730 ILCS 5/5–8–1(a)(3) (West 2008)). Because Petitioner displayed to K.H. an object that appeared to be a dangerous weapon, Illinois law required a 10-year enhancement for each count. *Id*. (citing 720 ILCS 5/12–14(d)(1) (West 2008)). Finally, based on the nature of the offenses, Illinois law required Petitioner to serve the sentences on each count consecutively. *Id*. (citing 730 ILCS 5/5–8–4(a)(ii) (West 2008)). In total, the trial court sentenced Petitioner to an aggregate term of 32 years in prison—the minimum sentence the court could impose. *Id*.

## II. Post-Trial Proceedings

### A. Petitioner's Direct Appeal

On direct appeal of his convictions, Petitioner argued that the trial court erred in denying his motion to quash the arrest and suppress items seized from the shed located at Knighten's home, and that the mandatory consecutive sentencing statute, as applied to him, violated both the proportionate penalties and due process clauses of the Illinois Constitution. *Nichols*, 964 N.E.2d at 1194; Ill. Const. 1970, art. I, §§ 2, 11.

The state appellate court affirmed the trial court, holding, (1) the trial court did not err in concluding that Petitioner lacked standing to challenge the search of the shed and the seizure of the items therein, (2) assuming Petitioner had standing to challenge the search of the shed, exigent circumstances justified the warrantless search, (3) considering the gravity of the offenses, Petitioner's sentence did not violate the proportionate penalties clause of the Illinois Constitution, and (4) Petitioner's sentence did not violate the due process clause of the Illinois Constitution because Petitioner instigated the successive assaults and so "present[ed] the very evil that mandatory consecutive sentencing was meant to address." *Nichols*, 964 N.E.2d at 1207-15.

On May 30, 2012, the Illinois Supreme Court denied Petitioner's petition for leave to appeal. *People v. Nichols*, 968 N.E.2d 1070 (Ill. 2012) (Table). Petitioner did not file a petition for writ of certiorari in the United States Supreme Court.

### B. Petitioner's Postconviction Proceedings

Following the completion of his direct appeal, Petitioner pursued postconviction relief. On March 7, 2013, Petitioner mailed a postconviction petition to the state trial court pursuant to 725 ILCS 5/122-1, *et seq*. (Resp't Mot. Ex. C, ECF No. 7-3.) Then in August 2014, Petitioner filed through appointed counsel an amended postconviction petition, which raised several claims but

did not challenge his sentence. *Nichols*, 2018 IL App (2d) 150779, ¶ 7. The trial court denied the petition following an evidentiary hearing. *Id*.

Petitioner appealed, reasserting none of the claims in his postconviction petition and only challenging his sentence. *Id*. ¶ 9. Specifically, Petitioner argued that the mandatory dangerous-weapon enhancement statute, 720 ILCS 5/12–14(d)(1) (West 2008), and the mandatory consecutive sentencing statute, 730 ILCS 5/5–8–4(a)(ii) (West 2008), were unconstitutional as applied to him under the Eighth Amendment to the United States Constitution and the proportionate penalties clause contained within Article I, Section 11 of the Illinois Constitution, because they prevented the trial court from considering mitigating circumstances associated with his youth. *Id*. The state appellate court first found that there were no procedural bars to considering Petitioner's appeal on the merits and ultimately held that Petitioner's sentence was not invalid under the United States or Illinois constitutions. *Nichols*, 2018 IL App (2d) 150779, ¶¶ 11-15, 17, 20.

On May 22, 2019, the Illinois Supreme Court denied Petitioner's petition for leave to appeal. *People v. Nichols*, 124 N.E.3d 480 (Ill. 2019) (Table).

While Petitioner's petition for leave to appeal was pending before the Illinois Supreme Court, Petitioner moved for leave to file a successive postconviction petition in the state trial court. *Nichols*, 184 N.E.3d at 436.[2] Petitioner argued, among other things, that the mandatory dangerous weapon enhancement, as applied to him, violated the proportionate penalties clause of the Illinois Constitution. *Id*. Petitioner acknowledged that he previously unsuccessfully raised that issue in his initial postconviction petition but argued that subsequent state appellate decisions, *see People v.*

---

[2] Petitioner states that he filed his motion for leave to file a successive postconviction petition on May 8, 2019. (Mot. to Grant 3, ECF No. 9.)

*Aikens*, 63 N.E.3d 223 (Ill. App. Ct. 2016); *People v. Barnes*, 114 N.E.3d 469 (Ill. App. Ct. 2018), warranted reexamining the issue. *Nichols*, 184 N.E.3d at 436. The trial court denied Petitioner's motion for leave to file a successive postconviction petition. *Id*.

On appeal, the state appellate court found that because the change in law that Petitioner cited was not from a higher court, *res judicata* barred Petitioner from raising in a successive postconviction petition the same issue raised in his initial postconviction petition and that the trial court properly denied his motion for leave. *Id*. at 438.

On September 29, 2021, the Illinois Supreme Court denied Petitioner's petition for leave to appeal related to his successive postconviction petition. *People v. Nichols*, 175 N.E.3d 111 (Ill. 2021) (Table).

### C. Petitioner's Habeas Petition and Motion for Appointment of Counsel

On June 21, 2022, Petitioner mailed the instant Section 2254 petition to this Court. (Envelope postmarked June 21, 2022, ECF No. 1.)[3] Petitioner argues that his sentence—specifically, the mandatory ten-year dangerous weapon enhancement applied to each count under 720 ILCS 5/12–14(d)(1) (West 2008)—is fundamentally unfair and in violation of the proportionate penalties clause of the Illinois Constitution.

The Court conducted its initial review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 cases and directed Respondent to answer or otherwise plead by September 29, 2022. (Order, ECF No. 5.) The Court set Petitioner's reply deadline as November 10, 2022. (*Id*.) Respondent timely filed its motion to dismiss on September 27, 2022. (Mot. to Dismiss, ECF No. 7.) Petitioner did not file a reply before the November 10, 2022 deadline. On December 13,

---

[3] The document filed at docket number four is a substantively identical copy of Petitioner's petition, but with a file stamp. (*See* ECF No. 4.)

2022, Petitioner filed a sixteen-page document styled "Motion to Grant" which responds to the arguments raised in Respondent's motion to dismiss with citations to authority. (*See* Mot. to Grant, ECF No. 9.) Given Petitioner's status as a *pro se* litigant who is incarcerated, and because Respondent is not prejudiced by the late submission of a reply brief (without leave of Court), the Court has construed Petitioner's Motion to Grant as a reply brief to Respondent's motion to dismiss and considered the contents therein.

In addition to his Section 2254 petition, Petitioner also filed a motion for the appointment of counsel. (ECF No. 10.) As discussed below, Petitioner's Section 2254 claims are untimely. The appointment of counsel would not aid Petitioner in overcoming this defect. *See Moreland v. Eplett*, 18 F.4th 261, 273 (7th Cir. 2021). Petitioner's motion for appointment of counsel (ECF No. 10) is therefore denied. The Court now turns to the timeliness issue presented in this case.

## DISCUSSION

### I. Statute of Limitations

Respondent argues that Petitioner's habeas petition should be dismissed as untimely. By statute:

> (1) A 1-year limitation period shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

7

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The one-year limitation period is subject to equitable tolling. *Holland v. Fla.*, 560 U.S. 631, 649 (2010).

Under § 2244(d)(1)(A), the time for filing runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). If a petitioner "chooses not to seek direct review in [the Supreme Court of the United States], then the conviction becomes final when 'the time for filing a certiorari petition expires.'" *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)); *see also Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

In Petitioner's case, the date on which the judgment became final was August 28, 2012. That is so because the Illinois Supreme Court denied Petitioner's petition for leave to appeal on direct review on May 30, 2012. The time for Petitioner to file a certiorari petition in the United States Supreme Court expired August 28, 2012. U.S. Sup. Ct. R. 13 (certiorari petition must be filed within 90 days after entry of judgment or order denying discretionary review). Petitioner did not file by that time. Thus, the one-year limitation period began to run on August 28, 2012.

Under § 2244(d)(2), the time during which a "properly filed" petition for State collateral review is "pending" tolls that limitation period. Petitioner mailed a postconviction petition on March 7, 2013—191 days after his conviction became final. *See Ray v. Clements*, 700 F.3d 993,

8

1004 (7th Cir. 2012) (holding prison mailbox rule applies to petitions for state postconviction relief unless state law clearly rejects it); *People v. Shines*, 33 N.E.3d 169, 175 (Ill. App. Ct. 2015) ("Under the mailbox rule, pleadings, including posttrial motions ..., are considered ... filed on the day they are placed in the prison mail system by an incarcerated defendant."). The limitations period was then tolled until May 22, 2019, when the Illinois Supreme Court denied his initial postconviction petition for leave to appeal. The limitations period was not tolled during the time for filing a certiorari petition with the United States Supreme Court. *Lawrence v. Florida*, 549 U.S. 327, 332 (2007) ("The application for state postconviction review is therefore not 'pending' after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1–year limitations period during the pendency of a petition for certiorari").

At that point, Petitioner had 174 days remaining, until November 12, 2019, in which to mail his federal habeas petition. *See id*. (calculating the "1-year limitation period" as equal to 365 days). Petitioner mailed the instant petition on June 21, 2022, which was over two and a half years too late. Because Petitioner failed to file his habeas petition prior to November 12, 2019, his petition is time barred.

Petitioner's petition for leave to file a successive postconviction petition and subsequent related appeals do not toll the limitations period. The Seventh Circuit has held that "where state law requires pre-filing authorization—such as an application for permission to file a successive petition—simply taking steps to fulfill this requirement does not toll the statute of limitations. . . . Instead the second petition tolls the limitations period only if the state court grants permission to file it." *Martinez v. Jones*, 556 F.3d 637, 638-39 (7th Cir. 2009) (citation omitted). Here the state trial court denied Petitioner permission to file a successive postconviction petition. *Nichols*, 184 N.E.3d at 436. That decision was affirmed by the state appellate court, *id*. at 438, and the Illinois

Supreme Court denied leave to appeal. *Nichols*, 175 N.E.3d at 111. Accordingly, Petitioner's petition for leave to file a successive postconviction petition "was not a properly filed postconviction action" and did not toll the limitations period under § 2244(d)(2). *Martinez*, 556 F.3d at 639.

Finally, neither party suggests that § 2244(d)(1)(B) (when a State prevents a petitioner from filing), § 2244(d)(1)(C) (when the Supreme Court recognizes a new right), or § 2244(d)(1)(D) (when the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence) apply to this case. Thus, these sections do not offer Petitioner a "lat[er]" date than § 2244(d)(1)(A).

## II. Equitable tolling

Petitioner argues that equitable tolling should apply to his claim. A petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner has the burden of establishing these two elements. *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008). "[T]olling is rare; it is 'reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing.'" *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014) (quoting *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004)); *see also id.* ("We have properly enforced the high bar that the Court has erected in this area, but by the same token we have not set that bar so high as to make equitable tolling impossible.").

The plain meaning of extraordinary is unusual and rare. That is why "'garden variety' claims of excusable neglect" are "too common to be called 'extraordinary'" and why a court "cannot give the label 'extraordinary' to a trait that applies to 92 percent of prisoners filing

10

petitions[,]'" such as lack of representation or legal training. *Socha*, 763 F.3d at 685 (quoting *Holland*, 560 U.S. at 651-52). Courts considering equitable tolling are "to evaluate the entire hand" a "petitioner was dealt" rather than look for a "single trump card." *Socha*, 763 F.3d at 686.

Petitioner argues that a change in the law constitutes extraordinary circumstances that stood in his way of timely filing his habeas petition. Specifically, Petitioner points to *People v. Aikens*, 63 N.E.3d 223 (Ill. App. Ct. 2016) ("*Aikens*"), and *People v. Barnes*, 114 N.E.3d 469 (Ill. App. Ct. 2018) ("Barnes"), for the proposition that Illinois courts are reconsidering gun enhancements for juveniles, like Petitioner, who were first time offenders. Petitioner argues, without further explanation, that he did not have access to these new cases and so could not have raised these issues at a sooner time.

The record reflects, however, that Petitioner was aware of *Aikens* (a 2016 opinion) and *Barnes* (a 2018 opinion) well before the one-year limitations period for filing a federal habeas petition expired on November 12, 2019. On May 8, 2019, Petitioner filed a motion for leave to file a successive postconviction petition with the state trial court on the basis of a purported change in the law as reflected in *Aikens* and *Barnes*. That was even before the Illinois Supreme Court denied Petitioner's petition for leave to appeal the denial of his initial postconviction petition on May 22, 2019—the date on which the clock resumed ticking on filing a federal habeas petition.

Petitioner does not present any extraordinary circumstance that stood in the way of his filing a federal habeas petition before November 12, 2019. *See Lo v. Endicott*, 506 F.3d 572, 576 (7th Cir. 2007) ("We have never held that a change in state substantive law constitutes an 'extraordinary circumstance' that warrants equitable tolling."); *cf. Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) ("Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling."). The

11

cases cited by Petitioner do not merit a different result. *See Pace*, 544 U.S. 408 at 419 (equitable tolling not warranted where claims set forth in petition were available to petitioner for several years before he filed his state petition and he waited an additional five months after his state petition was rejected before presenting those claims in a federal habeas petition); *Modrowski v. Mote*, 322 F.3d 965, 968 (7th Cir. 2003) (holding that attorney incapacity is not grounds for equitable tolling); *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (equitable tolling not warranted where petitioner argued the law was unclear, the delay was minimal, the prosecution was not prejudiced, and petitioner's attorney's father died two weeks before deadline). In short, equitable tolling does not save his petition from being untimely.

Accordingly, because the Court agrees with Respondent that Petitioner's habeas petition is untimely, it is dismissed with prejudice. *Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005) ("The dismissal of a suit as untimely is a dismissal on the merits, and so should ordinarily be made with prejudice, barring relitigation." (citations omitted)). Because the Court dismisses Petitioner's habeas petition as untimely, it does not address the merits of Petitioner's constitutional claims nor his argument that Respondent waived the ability to respond substantively to those claims.

### III. Certificate of Appealability

Finally, Rule 11(a) of the Rules Governing Section 2254 cases requires the Court to consider whether to issue a certificate of appealability ("COA"). The Court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a court denies a motion for procedural reasons, a "litigant seeking a COA must demonstrate that a procedural ruling barring relief is itself debatable among jurists of reason." *Buck v. Davis*, 580 U.S. 100, 122 (2017); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)

("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.").

The cases relied upon by Petitioner are inapposite. *See Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (concluding, where there was no procedural ruling at issue, that reasonable jurists could have debated whether prosecution's use of peremptory strikes against African-American prospective jurors was result of purposeful discrimination); *Beyer v. Litscher*, 306 F.3d 504, 507 (7th Cir. 2002) (finding the COA issued by the district court did not identify any constitutional issue as substantial as required by 28 U.S.C. § 2253(c)(3) and cautioning future petitioners and their lawyers "to undertake to show a substantial constitutional issue exists . . . lest the court of appeals conclude that the procedural error is harmless and a remand pointless").

The Court does not think a reasonable jurist could debate whether Petitioner's petition was timely filed under § 2244(d)(1) or whether equitable tolling should apply. The Court need not reach the issue of whether jurists of reason would find debatable the underlying constitutional claims. *See Slack*, 529 U.S. at 485. Accordingly, the Court denies a COA.

## CONCLUSION

For the reasons set forth above, the Court dismisses Petitioner's habeas petition with prejudice. The Court denies a certificate of appealability and denies Petitioner's motion for appointment of counsel [10]. Petitioner's motion to grant [9] is denied as moot. Civil case terminated.

**SO ORDERED.**  ENTERED: **May 15, 2023**

_____
**HON. JORGE ALONSO**
**United States District Judge**